DOCKET NO. 868

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ANADARKO OIL & GAS PARTNERS 1983, LTD., SECURITIES LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,*
LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND
WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of five actions pending in four districts as follows: two actions in the Eastern District of North Carolina and one action each in the District of Colorado, Middle District of Florida and Middle District of North Carolina. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by three defendants seeking centralization of the five actions in the Middle District of Florida or, alternatively, the Eastern District of North Carolina for coordinated or consolidated pretrial proceedings. All plaintiffs oppose the motion; alternatively, they suggest centralization in the Middle District of North Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Middle District of North Carolina will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from the same offering of limited partnership interests in Anadarko Oil & Gas Partners 1983, Ltd., which was formed for the purpose of exploring, developing, drilling, producing and marketing oil and gas. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

Movants, in offering the Middle District of Florida as their first choice of transferee forum, note that the first filed action is pending there and that the Florida court has already ruled upon several pretrial motions. Caseload considerations, however, make us reluctant to order centralization in that forum. In selecting the Middle District of North Carolina as the transferee court, we note that many plaintiffs reside in North Carolina and that witnesses and documents will likely be found there.

---

* Judge Pollack recused himself and took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Middle District of North Carolina be, and the same hereby are, transferred to the Middle District of North Carolina and, with the consent of that court, assigned to the Honorable N. Carlton Tilley, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

<u>MDL-868 -- In re Anadarko Oil & Gas Partners 1983, LTD.
      Securities Litigation</u>

   **District of Colorado**

   <u>Dudley L. Simms, III, et al. v. E.F. Hutton & Co.,
   Inc., et al.</u>, C.A. No. 89-S-0473

   **Eastern District of North Carolina**

   <u>Nowell's Leasing v. E.F. Hutton & Company, Inc., et al.</u>,
      C.A. No. 90-423-CIV-5-BR

   <u>Dr. James B. Glover v. E.F. Hutton & Co., Inc., et al.</u>,
      C.A. No. 90-629-CIV-5-BR

   **Middle District of North Carolina**

   <u>Carl N. Boon, et al. v. E.F. Hutton & Company, Inc.</u>,
      C.A. No. 4:90CV00441

   **Middle District of Florida**

   <u>John M. Saba, Jr., et al. v. E.F. Hutton & Company, Inc.,
   et al.</u>, C.A. No. 87-812-CIV-T-13 (A)